UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLA YOUNG FREEMAN EL ex rel Carla Young Paialii,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY SUPERIOR COURT; THEODORE STRAVA; STATE OF WASHINGTON,<br><br>Defendants. | CASE NO. 2:25-cv-01003-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's *third* application to proceed in forma pauperis (IFP). Dkt. # 16. After Plaintiff filed her first IFP application, Dkt. # 1, the Clerk mailed a Notice of Filing Deficiency informing Plaintiff that she had until June 26, 2025 to submit a correct IFP application. Dkt. # 2. On June 9, 2025, the mailing was returned as undeliverable. Dkt. # 3. On June 25, 2025, the Clerk received a confirmation of Plaintiff's mailing address and mailed the Notice of Filing Deficiency to the confirmed address. Dkt. # 4. Plaintiff did not file a corrected IFP application by the deadline of June 26, 2025. The Court extended the deadline for Plaintiff to address the Notice of Filing Deficiency and to file a correct IFP application to July 7, 2025. Dkt. # 6.

ORDER - 1

Plaintiff timely filed a second IFP application. Dkt. # 7. The Clerk mailed Plaintiff another Notice of Filing Deficiency informing her that her IFP application was "Unsigned/Blank/Incomplete" and that she had until August 8, 2025 to file a correct IFP application. Dkt. # 9. That same day, Magistrate Judge Vaughan also ordered Plaintiff to correct her IFP application by July 29, 2025. Because there were two deadlines set simultaneously, the Court construes the later date of August 8, 2025 as the applicable deadline.

Plaintiff timely filed a third IFP application. Dkt. # 16. In her order, Judge Vaughan advised Plaintiff that, "in order for this Court to determine her eligibility to proceed IFP, Plaintiff must answer the questions asked on the IFP form." Dkt. # 10 at 2. Plaintiff's third IFP application again merely provides "n/a" as a response to each question. Dkt. # 16. Plaintiff previously contended that she cannot provide further financial information because it would violate her Constitutional rights. Dkt. # 10 at 2 (citing Dkt. # 8 at 45–48). Plaintiff does not directly renew these contentions but refers to her "Affidavit, Certification in Liew [*sic*] of Financial Statement." Dkt. # 16. In any event, these contentions are conclusory. She also requests that she be provided "adequate notice and reasonable opportunity to correct any additional deficiencies" under 28 U.S.C. § 1654.[1] *Id.* That statute does not apply here and even if it did, the Court has provided Plaintiff with such notice and opportunity. Plaintiff was also advised that failure to comply with Judge Vaughan's order "may result in dismissal of this matter." Dkt. # 10 at 2.

---

[1] "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

ORDER - 2

Thus, the Court DENIES Plaintiff's IFP application. Dkt. # 16. The Court also DENIES Plaintiff's motion for injunctive relief, Dkt. # 5, and Defendant's motion to remand to state court, Dkt. # 14, as moot. This case is DISMISSED without prejudice.

Dated this 11th day of August, 2025.

John H. Chun
United States District Judge

ORDER - 3